CLERKS COPY

FILED
AT ALBUQUERQUE NM

AUG - 4 1999

ROBERT M. MARCH
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CURTIS LEE WATSON,

      Plaintiff,

v.                                                                                   No. CIV-99-0697 M/DJS

DONALD DORSEY (WARDEN),
CORRECTIONS CORPORATIONS OF AMERICA,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's institution recently changed its postage policy and



began requiring that non-indigent inmates pay for postage on "legal" mail. Plaintiff claims this policy violates his right of access to the courts, and he seeks injunctive relief requiring the institution to pay for postage on all outgoing "legal" mail.

Plaintiff's claim is frivolous. "Prisoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) (citations omitted); *and cf. Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997) (no constitutional violation in requiring inmate to choose between prison purchases and litigation). Defendants' postage policy allows all inmates, indigent or not, to exercise their constitutionally protected right of access to the courts. The complaint's allegations, therefore, do not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), a required element of a claim under 42 U.S.C. § 1983. *Id.* Plaintiff's complaint presents no issue for decision by this Court and will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #5) filed July 16, 1999, is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED; and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE